# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Adam B. Throckmorton, ) | Case No. 2:20-cv-1936-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER AND OPINION |
| ) | |
| Summerville Police Department, Jon ) | |
| Rogers, in his official capacity as Chief of ) | |
| Police, and the Town of Summerville, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendants' motion for judgment on the pleadings. (Dkt. No. 5). For the reasons set forth below, Defendants' motion is granted in part and denied in part.

**I. Background**

Plaintiff Adam B. Throckmorton was employed as a police officer by the Summerville Police Department from around February 2017 through May 7, 2019. (Dkt. No. 1-1 ¶¶ 5, 14). Plaintiff alleges that on May 2, 2019 he responded to a call regarding two minors trespassing at the "Bridges community pool." Upon arrival, Plaintiff spoke with Mr. and Mrs. Mitchell, the two Homeowners Association members who had complained of the trespassing. Plaintiff told the Mitchells that he was not going to put the minors "under a Trespass Notice" because they had not caused any damage to the property. The Mitchells agreed with Plaintiff and told him that they "underst[ood]." Upon arrival of the minors' parents, however, the Mitchells changed their mind and "stated yelling at the Plaintiff" to place the minors under a "Trespass Notice." Plaintiff told the Mitchells to "have a seat in his patrol car before he cited them with disorderly conduct." Mr. Mitchell "started cussing at Plaintiff, so Plaintiff placed him in handcuffs." (*Id.* ¶¶ 8-10). And when Mrs. Mitchell began calling 911, Plaintiff "took her phone and placed her in

handcuffs" and cited the Mitchells for disorderly conduct. (*Id.* ¶¶ 10-11). On May 3, 2019 the Mitchells filed a complaint with the Summerville Police Department and on May 7, 2019, Plaintiff was fired "for making a false arrest" of the Mitchells. (*Id.* ¶¶ 12, 14).

Plaintiff alleges, however, that prior to being terminated, Defendant Sergeant Sharp ordered Plaintiff "to change timesheets to show 'comp. time' instead of overtime" and that while "Plaintiff reported this matter to several supervisors, . . . nothing was ever done to correct it." (*Id.* ¶ 13). Plaintiff thus asserts his "wrongful discharge . . . was the response of the Defendants . . . to Plaintiff's refusal to allow improper and illegal practices of the business due to Defendants' disregard of the proper handling of time employees work and how they are marked on timesheets." (*Id.* ¶ 17). Plaintiff adds that, upon receiving his final paycheck, "he realized that he had not been paid for 9 hours of comp. time; 35 hours of overtime (which was federally granted K9 Care Pay); and had not received the reimbursement for the boarding of his K9, Cannon." (*Id.* ¶ 15).

On May 1, 2020 Plaintiff filed a complaint in state court which Defendants timely removed. (Dkt. No. 1). Plaintiff brings four causes of action: (1) wrongful termination in violation of public policy; (2) violation of the South Carolina Whistleblower Protection Act ("WPA"); (3) violation of the South Carolina Payment of Wages Act ("SCPWA"); and (4) violation of the Fair Labor Standards Act.

On May 21, 2020, Defendants moved under Fed. R. Civ. P 12(c) for a judgement on the pleadings as to Plaintiff's wrongful discharge, WPA, and SCPWA claims. (Dkt. No. 5). Plaintiff opposes Defendants' motion. (Dkt. No. 7). Defendants' motion is fully briefed and ripe for disposition.

**II. Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Lewis v. Excel Mech., LLC*, 2:13-CV-281-PMD, 2013 WL 4585873 at * 2 (D.S.C. Aug. 28, 2013). The Court's review is therefore limited to the pleadings, *Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964), and to "any documents and exhibits attached to and incorporated into the pleadings," *Lewis*, 2013 WL 4585873 at *1. The pleadings on a Rule 12(c) motion should be construed in the light most favorable to the non-movants. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). Therefore, the "court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at *2 (internal quotations omitted).

### III. Discussion

#### a. Wrongful Termination in Violation of Public Policy

Defendants argue that Plaintiff's wrongful termination in violation of public policy claim is subject to dismissal because Plaintiff has an available statutory remedy—namely, the FLSA. Defendants are correct.

Absent a specific contract, employment in South Carolina is at-will. *Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 309 (2010); *see also Taghivand v. Rite Aid Corp.*, 411 S.C 240, 243 (2015). "An at-will employee may be terminated at any time for any reason or for no reason, with or without cause." *Mathis*, 389 S.C. at 310. "Under the 'public policy exception' to the at-will employment doctrine, however, an at-will employee has a cause of action in tort for

wrongful termination where there is a retaliatory termination of the at-will employee in violation of a clear mandate of public policy." *Barron v. Labor Finders of S.C.*, 393 S.C. 609, 614 (2011). "The public policy exception does not, however, extend to situations where the employee has an existing statutory remedy for wrongful termination." *Id.* at 615; *Dockins v. Ingles Markets, Inc.*, 306 S.C. 496, 497-98 (1992) (employee allegedly terminated in retaliation for filing complaint under Fair Labor Standards Act had existing statutory remedy for wrongful termination). The public policy exception "is not designed to overlap an employee's statutory or contractual rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy *where no other reasonable means of redress exists*." *Stiles v. Am. Gen. Life Ins. Co.*, 335 S.C. 222, 228 (1999) (emphasis added).

Plaintiff's wrongful termination claim is subject to dismissal because the FLSA provides a statutory remedy for Plaintiff's allegedly retaliatory termination. The Complaint alleges Plaintiff was "terminated in retaliation for complaining about not getting paid his wages, in violation of the anti-retaliation provisions in the Fair Labor Standards Act." (Dkt. No. 1-1 ¶ 35). Said differently, Plaintiff was terminated for complaining to Defendants about their alleged violation of the FLSA.[1] "Accordingly, here, Plaintiff has an available statutory remedy under the FLSA for his claim of wrongful termination and is not entitled to bring a wrongful discharge in violation of public policy claim." *See, e.g.*, *Boozer v. MCAS Beaufort*, No. 2:14-CV-3312 DCN JDA, 2015 WL 1640473, at *4-5 & n.3 (D.S.C. Apr. 9, 2015) (noting that "the Supreme Court of South Carolina [has] held an employee could not maintain an action for termination in violation of public policy where the employee alleged he was terminated for filing a complaint under the FLSA because the FLSA provided a remedy for wrongful discharge"); *Dockins*, 306 S.C. 497-98 (same).

---

[1] In fact, Plaintiff's Fourth Cause of Action is for violation of the FLSA. (Dkt. No. 1-1 ¶ 31 *et seq.*).

### b. South Carolina Whistleblower Protection Act

Plaintiff also brings a cause of action under the WPA. Plaintiff argues Defendants violated the WPA by terminating Plaintiff for "making reports of wrongdoings" to his supervisors regarding Sharp's instruction that Plaintiff change his timesheets to indicate overtime as "comp. time." Defendants contend that because Plaintiff did not properly exhaust his administrative remedies as required by S.C. Code § 8-27-30(A), Plaintiff's WPA claim must be dismissed.

The WPA establishes a private cause of action for an employee of a public body who suffers retaliation for making a "report" of waste or "wrongdoing" by the public body or its employees to an "appropriate authority." WPA claims must be filed within one year of the alleged conduct and after exhaustion of all available grievance, administrative, or judicial remedies. All claims under the WPA are to be tried by a court without a jury. § 8–27–30(A) and (B).

The WPA requires an employee exhaust administrative remedies and obtain a favorable ruling on the report of alleged wrongdoing in order to bring suit. Specifically, the statute provides:

> No action may be brought under this chapter unless (1) the employee has exhausted all available grievance or other administrative remedies; and (2) any previous proceedings have resulted in a finding that the employee would not have been disciplined but for the reporting of the alleged wrongdoing.

§ 8-27-30(A). Courts in this District have dismissed WPA claims where plaintiffs failed to plead their exhaustion of administrative remedies. *E.g.*, *Thompson v. Richard Cty. Sch. Dist. One*, No. 3:17-cv-510, 2018 WL 2676159, at *2-3 (D.S.C. June 5, 2018) (granting defendant's motion for

judgment on the pleadings as to plaintiff's WPA claim where "Plaintiff did not allege that her grievance resulted in a decision that she would not have been disciplined but for her reporting of the alleged wrongdoing"); *Seago v. Cent. Midlands Council of Gov.*, No. 3:16-2548, 2017 WL 74110, at *2 (D.S.C. Jan. 9, 2017) (dismissing WPA claim where plaintiff had "not identified any available grievance process or other administrative remedy available to [Plaintiff]"); *Jones v. Richland Cty.*, No. 3:16-466, 2016 WL 5402862, at *3 (D.S.C. Sept. 28, 2016) (dismissing WPA claim where plaintiff failed to allege or provide facts that "any previous proceedings have resulted in a finding that the employee would not have been disciplined but for the reporting of alleged wrongdoing").

Here, Defendants argue, *inter alia*, that Plaintiff fails to allege he followed the Town of Summerville's Grievance Procedure (the "Grievance Procedure"). (Dkt. No. 4-3).[2] The Grievance Procedure requires an employee file his grievance with the employee's chain-of-command, (*id.* § 1.2) and following that, submit a written appeal to the Employee Grievance Committee, (*id.* § 1.3). Defendants note Plaintiff only reported the alleged wrongdoing to "several supervisors," (Dkt. No. 1-1 ¶ 17), and that Plaintiff admits he did not otherwise follow the Grievance Procedure or appeal to the Employee Grievance Committee, (*id.* ¶ 24) ("The Plaintiff has exhausted all available grievance or other administrative remedies; as the Defendants have refused to conduct the final step in the process."). Without disputing the

---

[2] The Town of Summerville's Grievance Procedure was attached to Defendants' Answer, (Dkt. No. 4), and may be properly considered by this Court. *See, e.g.*, *Fowler v. State Farm Mut. Auto. Ins. Co.*, 300 F. Supp. 3d 751 (D.S.C. 2017) *aff'd*, 759 F. App'x 160 (4th Cir. 2019) ("Rule 12(c) motions limit the court's review to the pleadings, and any documents and exhibits attached to and incorporated into the pleadings.") (internal citations and quotation marks omitted).

relevancy of the Grievance Procedure, Plaintiff retorques that: (1) "any further attempts to pursue his administrative remedies would prove futile"; (2) Defendants "have refused to conduce [sic] the final step in the process,"; and (3) while "a Plaintiff is typically required to exhaust all administrative remedies to him, a showing of futility may circumvent that exhaustion requirement." (Dkt. No. 7 at 6-7). Plaintiff cites no case law for this last assertion.

The Court finds that Plaintiff's WPA claim must be dismissed. Plaintiff has not pled exhaustion of "all available grievance or other administrative remedies" available to him, *see Seago,* 2017 WL 74110, at *2, nor alleged or provided facts that "any previous proceedings have resulted in a finding that the employee would not have been disciplined but for the reporting of alleged wrongdoing," *Jones*, 2016 WL 5402862, at *3 (holding that, to sustain a WPA claim, a plaintiff must sufficiently plead compliance with § 8-27-30(a). *See also Thompson,* 2018 WL 2676159, at *2-3 (noting "[t]he language of § 8-27-30(A) is clear and unambiguous" and requires a plaintiff "allege that her grievance resulted in a decision that she would not have been disciplined but for her reporting of the alleged wrongdoing"). Plaintiff's uncited contention that he may ignore the WPA's explicit exhaustion requirement by pleading "futility" is contrary to caselaw from this District and unconvincing considering *Hyde v. S.C. Dept. of Mental Health*, 314 S.C. 207 (1994), a South Carolina Supreme Court case that rejects, albeit in dicta, such an argument. *Donaldson v. Clover Sch. Dist.*, No. CV 0:15-1768-MBS-KDW, 2017 WL 8897151, at *17 (D.S.C. July 24, 2017), report and recommendation *adopted*, No. CV 0:15-1768-MBS, 2017 WL 4173596 (D.S.C. Sept. 21, 2017) (noting that the "court is not free to ignore the express requirement of the WPA that Plaintiff exhaust 'all available grievance or other administrative remedies'" and rejecting plaintiff's argument that she was not required to exhaust her administrative remedies to sustain a WPA claim); *Hyde v. S.C. Dept. of Mental Health*, 314

S.C. 207, 209 & n.2 (1994) (finding that the trial judge "abused his discretion in finding as a matter of law that Hyde did not have to exhaust administrative remedies" under a previous version of the WPA which did not expressly require exhaustion, and noting that the current version of the WPA, which was amended to explicitly require exhaustion, "lends support to our conclusion that administrative remedies must be exhausted").

### c. South Carolina Payment of Wages Act

Lastly, Defendants assert that Plaintiff's third cause of action under the SCPWA is preempted because it seeks remedies available under the FLSA. Specifically, Plaintiff seeks to obtain damages from Defendants for "wrongfully with[olding] Plaintiff's wages." (Dkt. No. 1-1 ¶ 29).

The FLSA provides the exclusive remedial scheme to address employees' rights to be paid a minimum wage for hours worked and to be paid overtime for all hours worked in excess of forty in a given workweek. *See* 29 U.S.C. §§ 206(a), 207(a); *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir.2007) ("Congress prescribed exclusive remedies in the FLSA for violations of its mandates."). This Court has previously held that to "the extent that Plaintiff seeks compensation under the [SCPWA] for overtime pay otherwise required by the FLSA or alleges that he received less than the federal minimum wage as a result of Defendants' failure to pay him for all hours worked, *Anderson* clearly provides that these claims are preempted by the FLSA and must be dismissed." *McMurray v. LRJ Rests., Inc.*, No. 4:10-CV-01435-JMC, 2011 WL 247906, at *2 (D.S.C. Jan. 26, 2011); *Spallone v. SOHO Univ., Inc.*, No. 4:15-cv-1622, 2015 WL 5098154, at *5 (D.S.C. Aug. 31, 2015) (same). This Court has also held, however, that the SCPWA is not preempted by the FLSA to the extent that a plaintiff seeks redress for acts prohibited only by the SCPWA. *See Nimmons v. RBC Inc. Holdings (USA) Inc.*, No.

6:07–cv–2637, 2007 WL 4571179, at *2 n.1 (D.S.C. Dec. 27, 2017) (denying defendant's motion to dismiss plaintiff's SCPWA claim as preempted by the FLSA to the extent SCPWA claim was "for failure to pay accrued vacation pay [as said claim was] not preempted or otherwise foreclosed by the FLSA"); *McMurray*, 2011 WL 247906, at *2 (refusing to dismiss SCPWA claim as preempted by FLSA where "Plaintiff is . . . seeking redress for Defendants' alleged failure to honor agreements to pay wages which may be in excess of minimum wage and failure to pay wages *when due*" and noting said "claims are separate and distinct from Plaintiff's FLSA claims") (emphasis added).

The Court thus denies Defendants' motion as to Plaintiff's SCPWA claim because said claim seeks, at least partially, redress for Defendants' alleged failure "to pay [Plaintiff's] wages when due." *McMurray*, 2011 WL 247906, at *2. The Court notes, however, that to "the extent . . . Plaintiff seeks compensation under the [SCPWA] for overtime pay otherwise required by the FLSA or alleges that he received less than the federal minimum wage as a result of Defendants' failure to pay him for all hours worked, *Anderson* clearly provides that [those] claims are preempted by the FLSA." *McMurray*, 2011 WL 247906, at *2.

### IV. Conclusion

For the reasons set forth above, Defendants' motion for judgment on the pleading (Dkt. No. 5) is **GRANTED IN PART** and **DENIED IN PART**. The Court **DISMISSES** Plaintiff's First Cause of Action for wrongful termination in violation of public policy and Plaintiff's Second Cause of Action for violation of the South Carolina Whistleblower Protection Act. Defendants' motion is otherwise **DENIED**.

AND IT IS SO ORDERED.

s/ Richard Mark Gergel
United States District Court Judge

-10-

June 26, 2020
Charleston, South Carolina